# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WASHINGTON, | CV F 03 5263 REC SMS P |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR PRISON OFFICIALS TO RETURN EXHIBITS (Doc. 54.) |
| RICHARD EARLY, et. al., | |
| Defendants. | |

Roderick Washington ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On July 11, 2005, Plaintiff filed a pleading titled "Motion for Prison Officials to Return Exhibits." In this pleading, Plaintiff asks the Court to order prison officials to return exhibits he submitted that were attached to his Amended Complaint. Plaintiff alleges that they were destroyed by prison officials and that his access to the Court therefore, has been impeded.

A prisoner alleging a violation of his right of access to the courts must demonstrate that he has suffered "actual injury." Lewis v. Casey, 518 U.S. 343, 349-50 (1996). The right to access the courts is limited to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. Id. at 354-55. "An inmate cannot establish

relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." Id. at 351.  Rather, the inmate "must go one step further and demonstrate that the library or legal assistance program hindered his efforts to pursue a legal claim." Id.  The actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Id. at 353.  In Lewis v. Casey, the Supreme Court defined prisoners' right of access to the courts as simply the "right to bring to court a grievance." Id. at 354.  The Court specifically rejected the notion that the state must enable a prisoner to "litigate effectively once in court." Id. (quoting and disclaiming language contained in Bounds v. Smith, 430 U.S. 817, 825-26 (1977)); see also Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995) (determining that prisoners' right of access to the courts is limited to the pleading stage of a civil rights action or petition for writ of habeas corpus).

In this case, Plaintiff has filed a Complaint, which the Court screened and dismissed with leave to amend, and an Amended Complaint.  Thus, Plaintiff's right to bring to the court a grievance, is not impeded.  To the extent his Amended Complaint is unaccompanied by exhibits, exhibits are not required in order to state a claim for relief.  Plaintiff is an experienced litigator and is fully aware of what is required to state a claim for relief.  Similarly, Plaintiff is aware that the right of access to the court is merely the right to bring to the Court a grievance.  Because the case is currently in state where it is ready to be screened again by the Court, no dismissal due to the lack of exhibits or any alleged impediments has occurred.  Thus, Plaintiff cannot demonstrate injury.  In addition, because the Court has previously screened the complaint and informed Plaintiff of the deficiencies, he needed only cure those deficiencies to state a claim for relief.  The Court's order did not require that Plaintiff submit exhibits in support of his claims for relief.

To the extent Plaintiff complains that his 602 appeals are not being addressed, Plaintiff is also aware that he has no liberty interest in processing of appeals because no entitlement to a specific grievance procedure.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003);  Sandin v. Conner, 515 U.S. 472, 484-86 (1995).  That Plaintiff has an action currently pending does not bestow on him the right to bring every perceived wrong to the attention of the Court.  Plaintiff's

other complaints regarding a delay in receiving copies is a circumstance experienced by every incarcerated individual and do not warrant intervention by the Court.  As noted above, an Amended Complaint is awaiting screening by the Court, no exhibits were required by the Court and thus, Plaintiff's Motion for return of exhibits is DENIED.

IT IS SO ORDERED.

**Dated:   July 13, 2005**                                  **/s/ Sandra M. Snyder**
icido3                                                                 UNITED STATES MAGISTRATE JUDGE