# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WASHINGTON, | CV F 03 5263 REC SMS P |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR ALL WRIT ACT TO RETURN LEGAL PAPERS AND STATIONARY (Doc. 51.) |
| RICHARD EARLY, et. al., | |
| Defendants. | |

Roderick Washington ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On February 2, 2005, Plaintiff filed a pleading titled "Motion for All Writ Act to Return Legal Papers and Stationary . . . ." In this pleading, Plaintiff asks the Court to order prison officials to return legal papers and stationary he claims were confiscated and destroyed.

A prisoner alleging a violation of his right of access to the courts must demonstrate that he has suffered "actual injury." Lewis v. Casey, 518 U.S. 343, 349-50 (1996). The right to access the courts is limited to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. Id. at 354-55. "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance

1

1 program is sub-par in some theoretical sense." Id. at 351.  Rather, the inmate "must go one step
2 further and demonstrate that the library or legal assistance program hindered his efforts to pursue
3 a legal claim."  Id.  The actual-injury requirement mandates that an inmate "demonstrate that a
4 nonfrivolous legal claim had been frustrated or was being impeded."  Id. at 353.  In Lewis v.
5 Casey, the Supreme Court defined prisoners' right of access to the courts as simply the "right to
6 bring to court a grievance."  Id. at 354.  The Court specifically rejected the notion that the state
7 must enable a prisoner to "litigate effectively once in court."  Id. (quoting and disclaiming
8 language contained in Bounds v. Smith, 430 U.S. 817, 825-26 (1977)); see also Cornett v.
9 Donovan, 51 F.3d 894, 898 (9th Cir. 1995) (determining that prisoners' right of access to the
10 courts is limited to the pleading stage of a civil rights action or petition for writ of habeas
11 corpus).

12 　　　In this case, Plaintiff has filed a Complaint and an Amended Complaint which the Court
13 has yet to screen. Thus, Plaintiff's right to bring to the court a grievance is not impeded.  Plaintiff
14 is an experienced litigator and is fully aware that the right of access to the court is merely the
15 right to bring to the Court a grievance.  Plaintiff states that without these documents he cannot
16 respond to a Motion to Dismiss. However, as noted above, Defendants have yet to make an
17 appearance in this action and thus, there is no pending Motion to respond to.

18 　　　Accordingly, Plaintiff's "Motion for All Writs Act . . ." is DENIED.

22 IT IS SO ORDERED.

23 **Dated:     August 16, 2005**              **/s/ Sandra M. Snyder**
    icido3                                        UNITED STATES MAGISTRATE JUDGE