# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WASHINGTON,<br><br>        Plaintiff,<br><br>  v.<br><br>RICHARD EARLY, et. al.,<br><br>        Defendants. | CV F 03 5263 REC SMS P<br><br>ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND (Doc. 42.)<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK FORM |

Roderick Washington ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**A. PROCEDURAL HISTORY**

Plaintiff filed the instant action on March 3, 2003. On March 21, 2003, however, the Court administratively closed the case and directed the Clerk of Court to return Plaintiff's original case documents to him by mail. (Doc. 6.) The case was administrative closed pursuant to Judge Oliver Wanger's previously filed Order on September 14, 2000, amended on March 26, 2003, which required Plaintiff to pay the filing fee or submit evidence that he was in imminent danger of immediate physical harm. Plaintiff failed to do either of the two prior to the Clerk's filing the case, however, the case was opened. Subsequently, the Court issued an Order administratively closing the case.

On June 5, 2003, Plaintiff moved the Court to vacate its judgement and accept the filing fee. (Doc. 22.) The Court granted the request and the case was reopened on July 21, 2003. (Doc. 24.) On February 6, 2004, the Court issued an Order requiring Plaintiff to re-submit the Complaint as none existed in the case file. Plaintiff did not, however, comply and on March 31, 2004, the Court issued Findings and Recommendations that the action be dismissed for Plaintiff's failure to comply with the Court's order. (Doc. 31.) At some point in time, Plaintiff resubmitted the Complaint. The Court screened the Complaint and dismissed it with leave to amend on December 8, 2004. The Court found that out of Plaintiff's fifteen claims for relief, he did not state any claims against any of the Defendants. Plaintiff was given leave to amend. An Amended Complaint was filed on December 20, 2004.

**B. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.  RULE 8(a)**

Plaintiff was informed in the Court's Order dismissing with leave to amend that his Amended Complaint needed to comply with Rule 8(a) which requires a short and plain statement of the claim showing Plaintiff is entitled to relief.   Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

In this instance, the Court finds that Plaintiff's allegations are not sufficient to put any of the Defendants on notice of his claims for relief.  Plaintiff's Complaint is extremely difficult to read as he provides forty eight pages consisting of two hundred thirty four (234) paragraphs and names approximately 104 Defendants.  Although Plaintiff provides headings for each of his twelve claims for relief, underneath each claim he incorporates all of the preceding paragraphs by reference.   The time frame of these incidents appear to span from 1999 to late 2003, well after the initiation of this action.   Due to the manner in which Plaintiff has organized his Amended Complaint, the Court finds it cannot easily determine which facts go with which claims and/or Defendants without expending considerable time.  It is not appropriate for Plaintiff to throw in everything but the kitchen sink, list over 100 Defendants and then expect the Court to match it all up.   This is the purpose of Rule 8's "short and plain" requirement.  The Court simply does not have the time or the resources to do this on Plaintiff's behalf.  Thus, the Court will afford Plaintiff another opportunity to submit an Amended Complaint.  This Complaint should provide a short and plain statement of the claim for relief which consists of a brief description of each Defendant's act or omission that constitutes the violation.  For example, if Plaintiff's seeks to raise an Eighth Amendment claim, he must say what acts were done that constitute the violation, by whom where the acts committed and when they were committed.  Plaintiff should try to be as brief as possible only including only those Defendants and specific facts that give rise to the alleged constitutional violation.  Plaintiff should be aware that the Court wishes to proceed with

service of the Complaint as much as Plaintiff does, however, until it can determine that Plaintiff states cognizable claims for relief, it cannot order service.  Thus, it is in Plaintiff's interest to be as specific, clear and as brief as possible.  Again, Plaintiff should specifically link each Defendant to a specific act or omission giving rise to the constitutional violation in as brief a manner as possible.  In addition, Plaintiff should refrain from including events that occurred after March 3, 2003, as those claims would necessarily be unexhausted and would require dismissal.[1]

## C. CONCLUSION

The Court finds that Plaintiff's Amended Complaint does not contain any claims upon which relief can be granted under § 1983 against any of the Defendants.  The Court will provide Plaintiff with time to file a Second Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Second Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights.  See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The Second Amended Complaint must specifically state how each Defendant is involved.  Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself *without reference* to any prior pleading.  As a general rule, an Amended Complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The Amended Complaint should be clearly and boldly titled "SECOND AMENDED COMPLAINT," reference

---

[1] Exhaustion must occur prior to filing suit.  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002). Thus, even if Plaintiff has since exhausted, the claims would be dismissed as the exhaustion did not occur *prior to filing suit.* McKinney, 311 F.3d at 1199-1201.

4

the appropriate case number, and be an original signed under penalty of perjury.

**E. ORDER**

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Amended Complaint is DISMISSED with leave to amend. WITHIN THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

    a. File a SECOND Amended Complaint curing the deficiencies identified by the Court in this Order, or

    b. Notify the Court in writing that he does not wish to file a Second Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:**   **March 20, 2006**                    /s/ Sandra M. Snyder
icido3                                              UNITED STATES MAGISTRATE JUDGE