# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WASHINGTON, | CV F 03 5263 OWW SMS P |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR DECISION ON CASE (Doc. 66.) |
| RICHARD EARLY, et. al., | ORDER DENYING MOTION TO CHANGE VENUE (Doc. 67.) |
| Defendants. | |

Roderick Washington ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On November 28, 2006, Plaintiff filed a pleading titled "Motion for Decision by Court." Plaintiff submitted a Motion to Change Venue on November 29, 2006.

**A. MOTION FOR DECISION**

Plaintiff states that pursuant to the local rules, this Court must render a decision within 120 days after the matter is submitted for decision. Plaintiff cites to Local Rule 83-9-1 in support of his Motion.

As a preliminary matter, the rule cited by Plaintiff does not exist in the Local Rules of this Court.  Further, even were there such a rule, the filing of a civil rights complaint is not a

1

"motion" requiring decision within 120 days. The decision Plaintiff seeks is a decision on the merits of his case. Such a decision, should the case proceed that far, is a decision for a trier of fact, i.e., a jury. In this case, however, the Court has yet to screen the case. Plaintiff is fully aware of the Court's responsibility to screen cases to determine whether the Complaint states a cognizable claim for relief as he has Plaintiff has filed several similar actions in this Court. Plaintiff was informed in the Court's Order vacating Findings and Recommendations that it would proceed with the case in due course. The Court has pending before it several hundreds of similar cases many of which are also in need of a preliminary screening. The Court screens these cases in the order.

Here, Plaintiff only filed his Second Amended Complaint in May of 2006. The Court has several cases that have been awaiting screening that predate the submission of Plaintiff's second amended complaint and thus, it will screen the second amended complaint in order. Plaintiff can rest assured that the Court will get to his case as soon as it can given the enormity of its present case load. Plaintiff is further reminded that the filing of these types of Motions only detracts the Court's attention from moving forward with all of its cases in order to resolve such motions.

Accordingly, the Motion for Decision is DENIED.

**B. MOTION TO FOR CHANGE OF VENUE**

Plaintiff moves this Court for an Order transferring this case because he believes that the undersigned and District Court Judge Coyle are biased against him.[1] Plaintiff alleges that this Court has denied him access to the Court for a period of 11 years and in all of his Section 1983 cases. Plaintiff requests that venue be changed to a different judge in the same division of the Eastern District of California.

Pursuant to Local Rule 3-120(b), civil actions arising in Fresno County shall be commenced in the Fresno Division of the Eastern District of California. Pursuant to Local Rule 3-120(d), when the court finds that an action has not been commenced in the proper court, it may transfer the action to the proper court.

---

[1] This case was reassigned from Judge Coyle to Judge Wanger on June 2, 2006, prior to the filing of the instant motion alleging that Judge Coyle and the undersigned are biased.

1 In this case, Plaintiff does not present facts demonstrating that the action was not commenced in the proper court. Rather, Plaintiff's allegation is more akin to a request for recusal on the basis of bias. The Court notes that such a motion was filed by Plaintiff in this Court on December 14, 2004, and it was denied on December 20, 2004. (Docs. 38, 41.)

A judge must disqualify him or herself where there is bias or prejudice for or against a party. Hasbrouck v. Texaco, Inc., 830 F.2d 1513, 1523-24 (9th Cir. 1987). The bias must arise from an extra-judicial source and cannot be based solely on information gained in the course of the proceedings. Id. at 1524; In re Corey, 892 F.2d 829, 839 (9th Cir. 1989). A judge's rulings while presiding over a case do not constitute extra-judicial conduct. Nilsson, et al., v. Louisiana Hydrolec, 854 F.2d 1538, 1548 (9th Cir. 1988).

In this case, as in the prior Motion for recusal, Plaintiff points to no facts from an extra-judicial source giving rise to any bias. Plaintiff rests his basis for recusal on actions taken by the undersigned during the course of these proceedings. Accordingly, the Motion to change venue to another judge is DENIED.

**C. ORDER**

The Court HEREBY ORDERS:

1. The Motion for Decision is DENIED; and

2. The Motion for Change of Venue is DENIED.

IT IS SO ORDERED.

**Dated:   December 15, 2006**          /s/ Sandra M. Snyder
icido3                                   UNITED STATES MAGISTRATE JUDGE