1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RODERICK WASHINGTON,                      1:03-cv-05263-LJO-SMS-PC

        Plaintiff,

    v.                                    ORDER DENYING SECOND MOTION FOR
                                          RETURN OF PROPERTY

                                          (Doc. 70)

RICHARD EARLY, et. al.,

        Defendants.

_____/

        Roderick Washington ("plaintiff") is a state prisoner proceeding pro se and in forma

pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

        On February 8, 2007, plaintiff filed a pleading entitled "Second Motion for Return of

Property." In this pleading, plaintiff alleges that on December 27, 2006, his legal property, including

exhibits and books related to this case, was confiscated and "trashed." Plaintiff asks the court to

order prison officials to return the legal property to him.

        Plaintiff alleges that without his legal property, he cannot property respond to motions or

defend himself in this action. A prisoner alleging a violation of his right of access to the courts must

demonstrate that he has suffered "actual injury." Lewis v. Casey, 518 U.S. 343, 349-50 (1996). The

right to access the courts is limited to direct criminal appeals, habeas corpus proceedings, and civil

rights actions challenging conditions of confinement. Id. at 354-55. "An inmate cannot establish

1

1 relevant actual injury simply by establishing that his prison's law library or legal assistance program

2 is sub-par in some theoretical sense." Id. at 351.  Rather, the inmate "must go one step further and

3 demonstrate that the library or legal assistance program hindered his efforts to pursue a legal claim."

4 Id.  The actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal

5 claim had been frustrated or was being impeded." Id. at 353.  In Lewis v. Casey, the Supreme Court

6 defined prisoners' right of access to the courts as simply the "right to bring to court a grievance."

7 Id. at 354.  The Court specifically rejected the notion that the state must enable a prisoner to "litigate

8 effectively once in court." Id. (quoting and disclaiming language contained in Bounds v. Smith, 430

9 U.S. 817, 825-26 (1977)); see also Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995)

10 (determining that prisoners' right of access to the courts is limited to the pleading stage of a civil

11 rights action or petition for writ of habeas corpus).

12     In this case, plaintiff has filed an amended complaint which the court recently screened.

13 Thus, plaintiff's right to bring a grievance to the court was not impeded.  Plaintiff's argument that

14 without these documents he cannot properly respond to motions or defend himself in this action fails,

15 because his right of access to the courts is limited to the pleading stage of the action.  Furthermore,

16 because defendants have yet to make an appearance in this action and thus, there are no pending

17 motions to respond to.

18     In light of the foregoing, IT IS HEREBY ORDERED that plaintiff's "Second Motion for

19 Return of Property" is DENIED.

20 IT IS SO ORDERED.

21 **Dated:    March 24, 2008**                          **/s/ Sandra M. Snyder**
                                              UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28