UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WASHINGTON, | 1:03-cv-05263-LJO-SMS-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF (Doc. 81.) |
| v. | |
| RICHARD EARLY, et al., | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |
| Defendants. | |

**I.    RELEVANT PROCEDURAL HISTORY**

Roderick Washington ("plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the original complaint on March 3, 2003. (Doc. 1.) This action now proceeds on the second amended complaint filed May 12, 2006, against defendants Early, Lamanco, and Pastor on plaintiff's First Amendment freedom of speech claim.[1]  (Doc. 63.) On April 23, 2008, plaintiff filed a motion for a temporary restraining order and a preliminary injunction. (Doc. 81.)

---

[1] In the Findings and Recommendations issued on March 24, 2008, the undersigned recommended that this action proceed only against defendants Early, Lamanco, and Pastor, on plaintiff's First Amendment freedom of speech claim, entirely found in the second amended complaint at page 21, paragraphs 82 and 83. (Doc. 77.) The undersigned also recommended that all other defendants and claims in the second amended complaint be dismissed for plaintiff's failure to state a claim upon which relief may be granted. Id. The Findings and Recommendations were adopted in full on June 2, 2008. (Doc. 84.)

1

1  **II.     MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

2  Plaintiff has filed a motion for a temporary restraining order and a preliminary injunction.
3  The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so
4  heavily favors the moving party that justice requires the court to intervene to secure the positions
5  until the merits of the action are ultimately determined. <u>University of Texas v. Camenisch</u>, 451
6  U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates
7  either (1) a combination of probable success and the possibility of irreparable harm, or (2) that
8  serious questions are raised and the balance of hardship tips in its favor." <u>Arcamuzi v.</u>
9  <u>Continental Air Lines, Inc.</u>, 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the
10 plaintiff "must demonstrate a significant threat of irreparable injury." <u>Id</u>. Also, an injunction
11 should not issue if the plaintiff "shows no chance of success on the merits." <u>Id</u>. At a bare
12 minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions
13 serious enough to require litigation." <u>Id</u>.

14 Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court
15 must have before it an actual case or controversy. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95,
16 102, 103 S.Ct. 1660, 1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of</u>
17 <u>Church and State, Inc.</u>, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); <u>Jones v. City of Los</u>
18 <u>Angeles</u>, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or
19 controversy before it, it has no power to hear the matter in question. <u>Id</u>.

20 Plaintiff requests a court order directing defendants to return plaintiff's legal materials,
21 personal property, transcripts, and inmate/parolee 602 appeal which they confiscated from him
22 between December 2, 2002 and January 17, 2003. Plaintiff states that he needs the confiscated
23 materials to challenge his criminal conviction.

24 As stated above, this action is proceeding only against defendants Early, Lamanco, and
25 Pastor on plaintiff's First Amendment freedom of speech claim. Because an order mandating the
26 return of plaintiff's property needed to challenge his criminal conviction would not remedy the
27 freedom of speech claim upon which this action proceeds, the court lacks jurisdiction to issue the
28 order sought by plaintiff. Therefore, plaintiff's motion should be denied.

IV.     CONCLUSION

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, filed April 23, 2008, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 4, 2008**                    /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE