# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WASHINGTON, | 1:03-cv-05263-LJO-SMS-PC |
| Plaintiff, | ORDER DISCHARGING ORDER TO SHOW CAUSE |
| v. | (Doc. 104.) |
| RICHARD EARLY, et al., | ORDER DENYING PLAINTIFF'S REQUEST FOR THE UNITED STATES MARSHAL TO EFFECT SERVICE |
| Defendants. | (Doc. 107.) |
| | ORDER GRANTING EXTENSION OF TIME FOR PLAINTIFF TO SERVE PROCESS |
| | ORDER FOR PLAINTIFF TO INITIATE SERVICE OF PROCESS WITHIN THE NEXT 120 DAYS AND TO FILE EVIDENCE OF SERVICE OF PROCESS EXECUTED UPON DEFENDANTS EARLY, LAMANCO, AND PASTOR BY JULY 15, 2009 |
| | DEADLINE TO FILE EVIDENCE OF EXECUTED SERVICE : **JULY 15, 2009** |

Roderick Washington ("plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**I.    BACKGROUND**

This action now proceeds on plaintiff's claims for violation of his First Amendment freedom of speech rights against defendants Early, Lamanco, and Pastor ("defendants"). On June

16, 2008, the court ordered plaintiff to complete service of process upon defendants within one-hundred twenty days.[1]  (Doc. 87.)  On October 29, 2008, the court issued an order directing plaintiff to file evidence of service of process executed upon defendants. (Doc. 100.)  Plaintiff failed to submit evidence demonstrating that he effected service of process on any of the defendants pursuant to Rule 4, and none of the defendants have made an appearance in this action.  Fed. R. Civ. P. 4.  On December 15, 2008, pursuant to Federal Rule of Civil Procedure 4(m), the court issued an Order to Show Cause, requiring plaintiff to file a response showing why this case should not be dismissed for his failure to effect timely service. (Doc. 104.)  On January 20, 2009, plaintiff filed a response to the Order to Show Cause, requesting that the United States Marshal serve process in this case.  (Doc. 107.)  Due to plaintiff's response, the Order to Show Cause is now discharged.

## II.    PLAINTIFF'S REQUEST FOR MARSHAL TO SERVE PROCESS

Plaintiff requests that the court direct the United States Marshal to serve process in this case.  Plaintiff argues that he is entitled to have the United States Marshal serve process because he is indigent and because the court is responsible for the delay in service upon defendants in this case.

### a.    *Indigence, In Forma Pauperis Status, and Service*

Under 28 U.S.C. § 1915, the court may authorize a party to proceed in forma pauperis, or without prepayment of fees, in an action or proceeding, if the party submits an affidavit showing the person is unable to pay such fees.  28 U.S.C. § 1915(a)(1).  If such authorization is granted, the court may direct payment by the United States of certain expenses, and the United States Marshal is directed to serve all process in the case.  28 U.S.C. § 1915©, (d).  If such authorization is denied, the plaintiff is not automatically entitled to have the United States Marshal serve defendants.  Fed. R. Civ. P. 4(c)(2).  However, even if a plaintiff is not proceeding
///

---

[1] Plaintiff paid the filing fee in full in this action.  Because plaintiff paid the fee and is not proceeding in forma pauperis, he is not automatically entitled to have the United States Marshal serve defendants.  Fed. R. Civ. Pro. 4(c)(2).

in forma pauperis, the court has discretion, at the plaintiff's request, to order that service be made by the United States Marshal. Fed. R. Civ. P. 4(c)(3).

Plaintiff is not proceeding in forma pauperis in this action, due to his payment of the filing fee on July 11, 2003. (Doc. 23.) Moreover, plaintiff is not entitled to proceed in forma pauperis in this action under 28 U.S.C. § 1915(g). Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As early as 1999, the court found plaintiff, Roderick Washington, to be subject to 28 U.S.C. § 1915(g), based on his filing of three or more actions that were dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. (See Doc. 34 in case 1:99-cv-6590-OWW-LJO-P, Washington v. Early.) The court imposed a pre-filing order on plaintiff, by which the Clerk must return plaintiff's documents to him, without filing, upon judicial determination that plaintiff is not in imminent danger of serious physical harm, unless he has paid the filing fee in full. Id.

In this action, the Clerk inadvertently filed the complaint without prepayment of the filing fee and without judicial review on March 3, 2003. (Doc. 1.) On April 23, 2003, after judicial review determined plaintiff was not in imminent danger, the court administratively closed the case. (Doc. 12.) Subsequently, plaintiff's paid the $150.00 filing fee and the case was reopened. (Doc. 24.) However, pursuant to the court's pre-filing order and § 1915(g), plaintiff is not eligible to proceed in forma pauperis in this action, or to have the United States Marshal serve process, based on indigence alone. Moreover, if plaintiff made the decision to pay the $150.00 filing fee to proceed with this action, he should be prepared to do what is needed now to ensure the complaint is properly served.

**B.   *Delay in Service.***

The court finds plaintiff responsible for the recent delay in service in this action. On June 16, 2008, plaintiff was ordered to effect service on defendants within one-hundred twenty

days. (Doc. 87.) The court provided plaintiff with instructions on serving defendants and the necessary forms. Plaintiff may have followed some of the court's instructions, but he failed to follow all of them. The instructions directed plaintiff to have personal service effected on defendants if one or more of the defendants failed to return the Waiver of Service of Summons to Plaintiff. On October 29, 2008, plaintiff was ordered to provide evidence of completion of service of process to the court. (Doc. 100.) Plaintiff has not provided evidence to the court that either (1) defendants returned the Waiver of Service, or (2) plaintiff had personal service effected on defendants.

Based on the foregoing, plaintiff's motion for the court to direct the U.S. Marshal to serve process in this action shall be denied.

**III.    EXTENSION OF TIME FOR PLAINTIFF TO SERVE PROCESS**

Plaintiff shall be granted an extension of time in which to serve process.

Federal Rule of Civil Procedure 4(m) provides,

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Pursuant to Rule 4(m), plaintiff must <u>complete</u> service of process on defendants within one-hundred twenty days from the date of service of this order. The court will provide plaintiff with instructions and forms one final time. Plaintiff is not to return these forms to the court, unless plaintiff is returning the waiver forms signed by defendants, as discussed in the following section.

   *A.    Waiver of Service*

Pursuant to Rule 4(d)(2), plaintiff may (but is not required to) notify defendants Early, Lamanco, and Pastor of the commencement of this action and request that they waive service of the summons. Fed. R. Civ. Pro. 4(d)(2). If plaintiff wishes to do this, he must mail each defendant (1) the form entitled "Notice of Lawsuit and Request for Waiver of Service for Summons," (2) the form entitled "Waiver of Service of Summons," and (3) a copy of the second

amended complaint dated May 12, 2006.  The documents must be addressed directly to each defendant (not the Attorney General's Office) and must be dispatched (mailed) through first-class mail.  The Waiver of Service of Summons form must set forth the date on which the request is sent and must allow each defendant at least thirty (30) days in which to return the waiver to plaintiff.  If defendants sign and return the waiver forms to plaintiff, plaintiff must then file the forms with the court.  After filing the forms with the court, plaintiff need not take any further steps to serve defendants.  Fed. R. Civ. Pro. 4(d)(4).

   **B.**  ***Personal Service***

   If either (1) plaintiff does not wish to request defendants to waive service or (2) one or both defendants fail to return the Waiver of Service of Summons form to plaintiff, plaintiff must have personal service effected on defendants.  Each defendant must be personally served with a summons and copy of the second amended complaint.  Plaintiff may not effect personal service himself.  Fed. R. Civ. Pro. 4(c).  Service may be effected by any person who is not a party to this action and who is at least eighteen years old.  Id.  Plaintiff may wish to hire a process server to assist with personal service.  The court will provide plaintiff with a copy of Rule 4 along with this order.  Plaintiff should review Rule 4(e)(2), which addresses how personal service may be effected.  Plaintiff must then file proof of personal service at the court.

**IV.**  **CONCLUSION**

   Plaintiff must complete service of process in accordance with Federal Rule of Civil Procedure 4 within one-hundred twenty (120) days of the date of this order.  The court will provide plaintiff with the necessary forms and a copy of Rule 4.  Plaintiff should carefully read subsections (c), (d), (e), and (m) of Rule 4.  If plaintiff intends to ask defendants to waive service, he should mail the appropriate forms to defendants shortly after receiving this order, as plaintiff has only one-hundred twenty days in which to complete service on defendants.  By this order, the court has provided plaintiff with clear instructions on serving defendants.  No additional research

///

///

///

by plaintiff should be necessary.  As explained in section II, if plaintiff wishes to request defendants to waive service, he must mail the forms to the defendants.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Order to Show Cause filed December 15, 2008 is DISCHARGED;
2. Plaintiff's request for the United States Marshal to effect service in this action is DENIED;
3. Plaintiff is GRANTED an extension of time in which to serve process in this action;
4. The Clerk of the Court is DIRECTED to issue and send plaintiff three (3) summonses for defendants Early, Lamanco, and Pastor;
5. The Clerk is further DIRECTED to send plaintiff:
    a) One (1) copy of the second amended complaint filed May 12, 2006 (Doc. 63.);
    b One (1) copy of the form entitled "Notice of Lawsuit and Request for Waiver of Service of Summons;"
    c) One (1) copy of the form entitled "Waiver of Service of Summons;" and
    d) One (1) copy of Rule 4 of the Federal Rules of Civil Procedure;
6. Plaintiff shall COMPLETE service of process on defendants Early, Lamanco, and Pastor within one-hundred twenty (120) days from the date of service of this order;
7. Plaintiff shall SUBMIT evidence to the court of service executed upon defendants Early, Lamanco, and Pastor, on or before **July 15, 2009;** and
8. Plaintiff's failure to timely complete service of the second amended complaint on the defendants Early, Lamanco, and Pastor may result in dismissal of this action. Fed. R. Civ. Pro. 4(m).

IT IS SO ORDERED.

**Dated:   February 6, 2009**                   /s/ Sandra M. Snyder
UNITED STATES MAGISTRATE JUDGE