# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WASHINGTON, | 1:03-cv-05263-LJO-SMS-PC |
| Plaintiff, | ORDER VACATING IN PART COURT'S ORDER OF FEBRUARY 6, 2009 (Doc. 108.) |
| v. | |
| RICHARD EARLY, et al., | ORDER GRANTING PLAINTIFF'S MOTION FOR SERVICE OF PROCESS BY THE UNITED STATES MARSHAL (Doc. 111.) |
| Defendants. | |
| | ORDER FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN THIRTY DAYS |
| _____ / | |

Plaintiff Roderick Washington ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint initiating this action on March 3, 2003. (Doc. 1.) This action now proceeds on the second amended complaint, filed May 12, 2006, against defendants R. Lamanco, Richard Early, and Pastor, on plaintiff's First Amendment Freedom of Speech claim.[1] (Doc. 63.)

## I.     BACKGROUND

Plaintiff paid the filing fee in full for this action on July 11, 2003, and as a result is not proceeding in forma pauperis. (Doc. 23.) On June 16, 2008, the court issued an order directing

---

[1] All other claims and defendants were dismissed by the court on June 2, 2008. (Docs. 77, 84.)

1

plaintiff to effect service on defendants within one-hundred twenty days. (Doc. 87.) The court provided plaintiff with instructions on serving defendants and the necessary forms. On October 29, 2008, the court issued an order for plaintiff to file evidence of service of process executed upon defendants, within thirty days. (Doc. 100.) Plaintiff failed to timely submit evidence demonstrating that he effected service of process on any of the defendants pursuant to Rule 4. Fed. R. Civ. P. 4. On December 15, 2008, the court issued an Order to Show Cause, requiring plaintiff to file a response showing why this case should not be dismissed for his failure to effect timely service. (Doc. 104.) On January 20, 2009, plaintiff filed a response to the Order to Show Cause, requesting that the United States Marshal serve process in this case. (Doc. 107.) On February 6, 2009, the court denied plaintiff's request and ordered him to initiate service of process again and file evidence of executed service by July 15, 2009. (Doc. 108.) On February 17, 2009, plaintiff filed a motion to proceed in forma pauperis, or in the alternative, for the court to direct the United States Marshal to serve process. (Doc. 111.) Plaintiff's motion is now pending before the court.

## II.     INDIGENCE, IN FORMA PAUPERIS STATUS, AND SERVICE

Under 28 U.S.C. § 1915, the court may authorize a party to proceed in forma pauperis, or without prepayment of fees, in an action or proceeding, if the party submits an affidavit showing the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). If such authorization is granted, the court may direct payment by the United States of certain expenses, and the United States Marshal is directed to serve all process in the case. 28 U.S.C. § 1915©, (d). If such authorization is denied, the plaintiff is not automatically entitled to have the United States Marshal serve defendants. Fed. R. Civ. P. 4(c)(2). However, even if a plaintiff is not proceeding in forma pauperis, the court has discretion, at the plaintiff's request, to order that service be made by the United States Marshal. Fed. R. Civ. P. 4(c)(3).

Plaintiff argues that the United States Marshal should serve process in this action because prison officials responsible for accepting service are not signing and returning the Waiver of Service of Summons which he mailed to them. Plaintiff requests a court order directing the Marshal to serve process.

///

Plaintiff is not proceeding in forma pauperis in this action, due to his payment of the filing fee on July 11, 2003. (Doc. 23.) Moreover, pursuant to 28 U.S.C. § 1915(g), plaintiff is not entitled to proceed in forma pauperis in this action.[2] Nevertheless, in light of the fact that this action has been pending for more than five years and plaintiff appears unable to effect service himself, plaintiff's motion for the court to direct the United States Marshal to serve process shall be granted. In light of this ruling, the court's order of February 6, 2009 shall be vacated in part, as to its requirement that plaintiff serve process himself within 120 days and file evidence of executed service by July 15, 2009. (Doc. 108.) The court previously found that plaintiff stated cognizable claims against defendants Richard Early, Pastor, and R. Lamanco for violation of his rights under the First Amendment. (Docs. 77, 84.) The court shall send plaintiff service documents to complete and return to the court, after which the United States Marshal shall be directed to serve process in this action.

III.    **CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that:

1.      The court's order of February 6, 2009, is VACATED IN PART, as to its requirement that plaintiff serve process himself within 120 days and file evidence of executed service by July 15, 2009;

2.      Plaintiff's motion for the court to direct the United States Marshal to serve process in this action is GRANTED;

3.      Service is appropriate for the following defendants:

        RICHARD EARLY

        R. LAMANCO

        PASTOR

4.      The Clerk of the Court shall send Plaintiff three (3) USM-285 forms, completed summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the second amended complaint filed May 12, 2006 (Doc. 63.);

---

[2]Plaintiff has had three or more prior cases dismissed as "frivolous, malicious, or for failure to state a claim." 28 U.S.C. § 1915(g).

1    5.    Within **thirty (30) days** from the date of this order, Plaintiff shall complete the

2          attached Notice of Submission of Documents and submit the completed Notice to the

3          Court with the following documents:

4          a.    Completed summons;

5          b.    One completed USM-285 form for each defendant listed above; and

6          c.    Four (4) copies of the endorsed second amended complaint filed May 12,

7                2006;

8    6.    Plaintiff need not attempt service on Defendants and need not request waiver of

9          service.  Upon receipt of the above-described documents, the Court will direct the

10         United States Marshal to serve the above-named defendants pursuant to Federal Rule

11         of Civil Procedure 4 without payment of costs; and

12   7.    The failure to comply with this order will result in a recommendation that this action

13         be dismissed.

14

15   IT IS SO ORDERED.

16   **Dated:    April 6, 2009**                    /s/ Sandra M. Snyder
                                                UNITED STATES MAGISTRATE JUDGE
17

18

19

20

21

22

23

24

25

26

27

28