# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WASHINGTON,<br><br>        Plaintiff,<br><br>    v.<br><br>RICHARD EARLY, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:03-cv-05263-LJO-SMS PC<br><br>**ORDER VACATING TTCH AND TRIAL DATES, DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO COMPLY WITH THE SCHEDULING ORDER, AND DIRECTING CLERK TO ENTER JUDGMENT**<br><br>**(Doc. 141)** |

### Dismissal Order

**I.    Procedural History**

Plaintiff Roderick Washington, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 3, 2003. Pursuant to the Court's order of June 2, 2008, this action is proceeding on Plaintiff's second amended complaint against Defendants Early, Lamanco, and Pastor on Plaintiff's First Amendment freedom of speech claim. This matter is set for jury trial on April 18, 2011.

**II.    Failure to Comply with Scheduling Order**

On January 5, 2011, the Court issued a scheduling order requiring Plaintiff to file a pretrial statement on or before February 7, 2011. Plaintiff failed to comply with or otherwise respond to the order, and on February 16, 2011, Plaintiff was ordered to show cause within ten days why this action should not be dismissed. Plaintiff was warned that the failure to respond to the order would result

///

in dismissal of this action, with prejudice. More than ten days have passed and Plaintiff has not filed a response to either order.[1]

The failure to obey a scheduling order is grounds for the imposition of sanctions. Fed. R. Civ. P. 16(f)(1)(C). The second scheduling order contained notice to Plaintiff that the failure to file a pretrial statement in compliance with the order may result in the imposition of sanctions, including dismissal. (Doc. 140.) Further, in the order to show cause the Court warned Plaintiff that the failure to respond to the order would result in dismissal. (Doc. 141.)

"A scheduling order is not a frivolous piece of paper, idly entered . . . ." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (internal quotation marks and citation omitted). Parties are required to exercise due diligence, Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Johnson, 975 F.2d at 609), and the Court finds that Plaintiff's failure to file a pretrial statement and failure to respond to the order to show cause warrant the imposition of sanctions.

**III.     Dismissal as a Sanction**

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. In re PPA, 460 F.3d at 1226 (citation omitted).

///

---

[1] Because Plaintiff is no longer incarcerated, what is commonly referred to as the prison mailbox rule does not apply. Caldwell v. Amend, 30 F.3d 1199, 1202 (9th Cir. 1994); Houston v. Lack, 487 U.S. 266, 270 (1988).

1    This case has been pending since 2003, and it is set for jury trial next month. The expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. See id. at 1227. This action has been pending for almost eight years, and Plaintiff had ample time to begin trial preparation and comply with the scheduling order. See id. The Court has an enormous caseload, and when litigants disregard orders of the court and deadlines, the Court's ability to manage its docket and guide cases toward resolution is significantly compromised. See id.

As for the risk of prejudice to Defendants, there is no identifiable prejudice in this instance. See id. at 1227-28.

Regarding the fourth factor, while public policy favors disposition on the merits and therefore weighs against dismissal, it is Plaintiff's own conduct which is at issue here and which has stalled the case. See id. at 1228.

Finally, there are no alternative sanctions which are satisfactory. Monetary sanctions are not available given that Plaintiff is proceeding in forma pauperis. Discovery is closed and the deadline for filing pretrial motions has passed, rendering unavailable the Court's ability to impose any limitations on Plaintiff in those areas as a sanction. Lastly, the preclusion of evidence or witnesses is not an available sanction given that Plaintiff failed to identify any exhibits or provide a witness list via a pretrial statement. See Local Rule 281(b)(10),(11). In sum, the Court finds dismissal is warranted given the procedural posture of this case, Plaintiff's failure to comply with the pretrial scheduling order, and the unavailability of satisfactory alternative sanctions. See id. at 1228-29.

**IV.   Order**

For the reasons set forth herein, it is HEREBY ORDERED that:

1. The telephonic trial confirmation hearing set for March 16, 2011, at 8:30 a.m. and jury trial set for April 18, 2011, at 8:30 a.m. are VACATED;

2. This action is dismissed, with prejudice, based on Plaintiff's failure to file a pretrial statement in compliance with the scheduling order; and

///

///

3.     The Clerk of the Court shall enter judgment and close this file.

IT IS SO ORDERED.

**Dated:     March 2, 2011**                                      /s/ Lawrence J. O'Neill
                                                             UNITED STATES DISTRICT JUDGE