**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RODERICK WASHINGTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RICHARD EARLY, R. LAMANCO, and PASTOR,<br><br>　　　　　Defendants. | Case No. 1:03-cv-5263 JLT HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE<br><br>(Doc. 145) |

Roderick Washington requests this case be reopened "due to court failure to send legal [mail] and prison official interference with mail." (Doc. 145 at 1.) Plaintiff contends he "was not made aware" of a court order and the "magistrate intentionally interfered with Plaintiff prosecuting his case." (*Id.* at 2.) For the reasons set forth below, the Court finds the arguments are unavailing, and the motion to reopen this case is **DENIED**.

**I.      Background**

Roderick Washington initiated this action by filing a complaint under 42 U.S.C. § 1983. (Doc. 1.) After the Court screened Plaintiff's second amended complaint and found he stated certain cognizable claims, the Court directed Plaintiff to complete service upon the defendants. (Docs. 84, 87.) Plaintiff requested service be completed by the U.S. Marshals Service due to his indigence and inability to do so. (Doc. 111.) On April 6, 2009— despite finding Plaintiff was not entitled to proceed *in forma pauperis*—the Court determined Plaintiff was unable to

1  effectuate service of process on Defendants and granted the motion.  (Doc. 112.)  The Court
2  vacated its prior order directing service by Plaintiff and ordered Plaintiff to complete and file the
3  appropriate service documents for the U.S. Marshals within 30 days.  (*Id.*)
4       On April 15, 2009, Plaintiff submitted the completed service documents.  (Doc. 115.)
5  The U.S. Marshals completed service upon Defendants, and the summons were returned
6  executed.  (Docs. 121, 124.)  Defendants filed an answer on December 28, 2009.  (Doc. 127.)
7       The Court entered a scheduling order on January 20, 2010.  (Doc. 129.)  The parties
8  engaged in discovery, and no party filed a dispositive motion.  (*See* Doc. 140 at 1.)  Therefore, the
9  Court issued a "Second Scheduling Order," setting a pre-trial conference and trial date.  (*Id*.)  The
10 Court ordered Plaintiff to "serve and file a pretrial statement … on or before February 7, 2011."
11 (*Id.* at 5, emphasis omitted.)
12      After Plaintiff failed to file a pretrial statement, the Court ordered Plaintiff to show cause
13 why the action should not be dismissed for his failure to comply with the Court's order and
14 failure to prosecute the case.  (Doc. 141.)  Plaintiff failed to respond to the Court's order.
15 Therefore, the Court dismissed the action with prejudice for Plaintiff's failure to comply with the
16 orders and failure to prosecute.  (Doc. 142.)  The Court entered judgement on March 2, 2011.
17 (Doc. 143.)
18      On July 22, 2024, more than 13 years later, Plaintiff filed a motion to reopen this action,
19 alleging:

20
> Plaintiff was not informed of the United States Court of Appeal
> decision which vacated summons, thirty days, for the United States
21 Marshal to serve process in this action, which Prison officials and/or
> U.S. Court officials did not inform plaintiff of his service process,
22 and prison trashed and/or interfered with plaintiff receipt of legal
> mail at CSP-Los Angeles County on parole violation.
23
> Plaintiff was not made aware of the court April 6, 2009 order, as a
24 result the United States District Court magistrate intentionally
> interfered with Plaintiff prosecuting his case. (See exhibit pp 5 of 5.)
25

26 (Doc. 145 at 1-2.)  The cited exhibit is a copy of the order signed on April 6, 2009—from
27 LexisNexis— which granted Plaintiff's motion for service by the U.S. Marshall and directed to
28 complete and return the provided service documents.  (*Id*. at 5-9.)

2

## II.     Applicable Law

It appears Plaintiff seeks relief from the entry of judgment and reconsideration of the Court's order closing the case. (Doc. 145.) The Court construes the motion as one filed under Rule 60(b) of the Federal Rules of Civil Procedure, because it was filed beyond the deadline imposed under Rule 59(e). *See Moore v. Mortg. Elec. Registration Sys., Inc.*, 650 F. App'x 406, 407 n.1 (9th Cir. 2016) (citing *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001) (a motion for reconsideration is treated as a motion under Federal Rule of Civil Procedure 59(e) if it is filed timely under that rule, and as a motion under Federal Rule of Civil Procedure 60(b) otherwise)).

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." *Id.*  Rule 60(b) indicates such relief may be granted "for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks, citation omitted).

3

**III.   Analysis**

Plaintiff does not identify any legal basis to support his request for reopening this case. (*See* Doc. 145.)  Nevertheless, the Court liberally construes Plaintiff's motion as one brought under Rule 60(b)(1) and Rule 60(b)(6).

### A.   Rule 60(b)(1)

As an initial matter, a motion under Rule 60(b)(1) "must be made within a reasonable time," and "no more than a year after the entry of judgment." Fed. R. Civ. P. 60(c)(1).  Because Plaintiff now seeks relief more than 13 years after the Court entered judgment, his motion is untimely under Rule 60(b)(1).  *See* Fed. R. Civ. P. 60(c)(1); *see also Morton v. Twitter*, 2024 WL 2843031, at *1 (9th Cir. June 5, 2024) (observing that a "reasonable time" for a motion under Rule 60(b)(1) may be less than one year depending on the facts of the case, but absolutely no more than a year).

### B.   Rule 60(b)(6)

A motion under Rule 60(b)(6) must simply be filed "within a reasonable time." But even under this generous criterion, Plaintiff's motion is untimely. *See, e.g., Burton v. Spokane Police Dep't*, 473 F. App'x 731 (9th Cir. 2012) (lapse of almost two years between judgment and filing of 60(b)(6) motion was unreasonable); *In re Hammer*, 940 F.2d 524, 526 (9th Cir. 1991) (two years was too long for a debtor to wait before filing motion for relief from judgment entered against him).

Even if Plaintiff's motion was not untimely, the record clearly contradicts Plaintiff's assertion that the "magistrate [judge] intentionally interfered with Plaintiff prosecuting his case" by not informing Plaintiff of the order issued April 6, 2009.  Although Plaintiff refers to a "United States Court of Appeal decision," it appears he references an order issued by the *district* court, because there was not an order issued by the Ninth Circuit on the date in this action.  Rather, on April 6, 2009, the magistrate judge signed[1] an order that vacated a prior order regarding service and directed Plaintiff to complete service documents for the U.S. Marshals to serve the defendants.  (Doc. 112.) Because Plaintiff completed and returned the service documents—which

---

[1] The order was docketed and served on April 7, 2009.

4

were mailed with the April 6, 2009 order— is clear he had knowledge of the Court's order. (*See* Docs. 112, 115.) Plaintiff fails to show any action by the Court interfering with the prosecution of the case and fails to establish any extraordinary circumstance warranting relief under Rule 60(b)(6).

### C. Failure to comply with Local Rule 230

Local Rule 230(j) requires that applications for reconsideration set forth "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." L.R. 230(j) (E.D. Cal. 2023). Plaintiff's motion does not meet the criteria required by precedent and Local Rule 230(j). He presents no newly discovered evidence, does not show the Court committed a clear error, and there has been no change in the controlling law. Under these circumstances, "[a] motion for reconsideration should not be granted." *Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH &Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

### IV. Conclusion and Order

For the reasons discussed above, the Court **ORDERS**: Plaintiff's motion to reopen the case, construed as a motion under Rule 60(b) of the Federal Rules of Civil Procedure (Doc. 145), is **DENIED**. This action shall remain closed.

IT IS SO ORDERED.

Dated:   **September 18, 2024**

UNITED STATES DISTRICT JUDGE

5